**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vadis STRATTON; et al., Defendants–Appellants.**

**No. 06–35211.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Steger Smith, Esq., Office of the U.S. Attorney, Billings, MT, Andrea L. Berlowe, Esq., U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, for Plaintiff–Appellee.

Vadis Stratton, Whitehall, MT, Mark Stratton, Butte, MT, for Defendants–Appellants.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Vadis, David, and Mark Stratton ("the Strattons") appeal pro se from the district court's summary judgment in this action alleging the Strattons are trespassing on National Forest System land without authorization from the United States Forest Service. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Rossi v. Motion Picture Ass'n of Am. Inc.,* 391

F.3d 1000, 1002 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment in favor of the United States, because the Strattons failed to create a triable issue as to whether their residence on the property in question was incident to good faith milling operations. *See United States v. Bagwell,* 961 F.2d 1450, 1455 (9th Cir.1992). Accordingly, the court properly concluded that the United States is entitled to possession of the property, and ordered the Strattons to discontinue their occupation and residential use of the property. *See id.* at 1454; *United States v. Nogueira,* 403 F.2d 816, 825 (9th Cir.1968) ("The district court may not deny the United States injunctive relief or damages if trespass upon the public lands is shown.").

Contrary to their contentions, the Strattons' due process rights were not violated by the district court proceedings, because they received notice and a hearing before their alleged property interest was affected. *See Bagwell,* 961 F.2d at 1454 n. 1.

The Stratton's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.